IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KRISTEEN M. GIBBS,

        Plaintiff,

vs.                                       Case No. 11-1318-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On May 3, 2007, administrative law judge (ALJ) Robert J. Burbank issued a decision denying plaintiff disability benefits (R. at 28-36). Plaintiff sought judicial review of the agency action, and on May 11, 2010, the U.S. District Court of Kansas

4

reversed and remanded the case for further hearing, granting defendant's motion to reverse and remand (R. at 764-766).

On June 17, 2011, administrative law judge (ALJ) Alison K. Brookins issued a 2nd decision (R. at 728-740). Plaintiff alleges that she has been disabled since June 6, 2001 (R. at 728). Plaintiff is insured for disability insurance benefits through March 31, 2002 (R. at 730). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 730). At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, back pain, a history of migraine headaches, generalized anxiety disorder, depression and dysthymic disorder (R. at 730). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 731). After determining plaintiff's RFC (R. at 733), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 739). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 739-740). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 740).

**III. Did the ALJ properly consider plaintiff's fibromyalgia when analyzing the opinions of Dr. Rausch, plaintiff's treating physician, and when analyzing plaintiff's credibility?**

At step two, the ALJ found that plaintiff had a severe impairment of fibromyalgia (R. at 730). Dr. Rausch, plaintiff's treating physician, opined on March 8, 2007 that plaintiff could only sit for 3 hours a day, could only stand/walk for 3 hours a day, and would need to lie down for 2 hours during the workday, along with numerous other limitations (R. at 291-294). Dr. Rausch indicated that the main clinical findings which caused the limitations he set forth were fibromyalgia, scoliosis & compression of the spine, and depression (R. at 294).

The ALJ stated the following regarding the opinions of Dr. Rausch:

> …the undersigned finds Dr. Rausch's opinion to be mostly without support. **It is clear that his opinion is based largely on the claimant's subjective complaints, and not objective medical evidence. As is discussed above, there is evidence of at most mild disc herniation in the claimant's thoracic spine and an old compression fracture. There is no evidence of stenosis or nerve root compression that would in any way account for the limitations asserted by Dr. Rausch.** There is little explanation why the claimant would be unable to complete an 8-hour workday, or why she suffers "debilitating" pain and fatigue.

(R. at 736, emphasis added). Furthermore, in evaluating plaintiff's credibility, the ALJ noted that although plaintiff reported debilitating pain, objective medical evidence, including testing, had revealed little in the way of back impairment; the ALJ therefore found that plaintiff's allegations

6

of pain and limitations were not fully credible (R. at 734, 737; Doc. 25 at 5).

As this and other courts have repeatedly stated, the symptoms of fibromyalgia are entirely subjective, and there are no laboratory tests to identify its presence or severity. Wilson v. Astrue, 602 F.3d 1136, 1143 (10th Cir. 2010)(when the record contained diagnoses of chronic pain syndrome or fibromyalgia, the court stated that complaints of severe pain do not readily lend themselves to analysis by objective medical tests, and are notoriously difficult to diagnose and treat; further noting that no objective medical tests reveal the presence of fibromyalgia); Gilbert v. Astrue, 231 Fed. Appx. 778, 783-784 (10th Cir. Apr. 11, 2007)(the lack of objective test findings noted by the ALJ is not determinative of the severity of fibromyalgia); Brown v. Barnhart, 182 Fed. Appx. 771, 773 (10th Cir. May 25, 2006); Priest v. Barnhart, 302 F. Supp.2d 1205, 1213 (D. Kan. 2004); Glenn v. Apfel, 102 F. Supp.2d 1252, 1258 (D. Kan. 2000); Anderson v. Apfel, 100 F. Supp.2d 1278, 1286 (D. Kan. 2000); Ward v. Apfel, 65 F. Supp.2d 1208, 1213 (D. Kan. 1999). Because fibromyalgia is diagnosed by ruling out other diseases through medical testing, negative test results or the absence of an objective medical test to diagnose the condition cannot support a conclusion that a claimant does not suffer from a potentially disabling condition. Priest, 302

F. Supp.2d at 1213. Fibromyalgia is diagnosed entirely on the basis of patients' reports and other symptoms. Brown v. Barnhart, 182 Fed. Appx. 771, 773 n.1 (10th Cir. May 25, 2006).

In the case of Walden v. Astrue, Case No. 11-4120-SAC (D. Kan. Aug. 28, 2012), the ALJ found that there was "no objective medical evidence in the record to support the level of limitation alleged by the claimant" (Doc. 15 at 15).[2] Based on the case law cited above, the court held that the ALJ erred by discounting plaintiff's allegations of limitations because of the lack of objective medical evidence (Doc. 15 at 15-16); see Gilbert, 231 Fed. Appx. at 783-784 (although the ALJ found fibromyalgia to be a severe impairment, the court stated that the lack of objective test findings expressly relied on by the ALJ is not determinative of the severity of her fibromyalgia).

As was the case in Walden, the ALJ in the case before the court found plaintiff's allegations of pain and limitations were not fully credible because of the lack of objective medical evidence in the form of diagnostic testing. Furthermore, the ALJ in the case before the court asserted that the opinions of Dr. Rausch were based largely on plaintiff's subjective complaints and not objective medical evidence. Dr. Rausch indicated that one of the bases for his findings was the diagnosis of fibromyalgia (R. at 294). It is clear that the ALJ

---

[2] In Walden, as in the case before the court, the ALJ had found fibromyalgia to be a severe impairment at step two (Walden, Doc. 15 at 5).

8

discounted the opinions of Dr. Rausch primarily because of the lack of objective medical evidence, despite the diagnosis of fibromyalgia. In light of the diagnosis of fibromyalgia, the ALJ erred by discounting the opinions of Dr. Rausch and plaintiff's allegations of pain and limitations because of the lack of objective medical evidence. This case shall therefore be reversed and remanded for further hearing in order for the Commissioner to reevaluate the opinions of Dr. Rausch and plaintiff's credibility in light of the diagnosis of fibromyalgia and the case law set forth above governing the consideration of fibromyalgia.

Other issues have been raised by plaintiff in their brief. The court will not discuss these issues in detail because they may be affected by the ALJ's resolution of the case on remand after reevaluating the opinions of Dr. Rausch and plaintiff's credibility in light of the diagnosis of fibromyalgia. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).[3]

**IV. Should this case be reversed and remanded for further hearing, or reversed for an award of benefits?**

At step five, the burden of proof shifts to the Commissioner to show that the claimant retains sufficient RFC to perform work in the national economy. Lax v. Astrue, 489 F.3d

---

[3] Although plaintiff raises the issue of reversible error because of the failure of the ALJ to adhere to portions of the Appeals Council order, the court declines to address this issue; however, on remand, the ALJ would be well advised to consider the mandates set out in any order from the Appeals Council.

1080, 1084 (2007); Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). In light of the errors noted above, the court finds that the Commissioner has failed to meet their burden of demonstrating that the plaintiff retains sufficient RFC to perform work in the national economy.

When a decision of the Commissioner is reversed, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has been a long delay as a result of the defendant's erroneous disposition of the proceedings, courts can exercise their discretionary authority to remand for an immediate award of benefits. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). The defendant is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion. Sisco v. United States Dept. of Health & Human Services, 10 F.3d 739, 746 (10th Cir. 1993). A key factor in remanding for further proceedings is whether it would serve a useful purpose or would merely delay the receipt of benefits. Harris v. Secretary of Health & Human Services, 821 F.2d 541, 545 (10th Cir. 1987). Thus, relevant factors to consider are the length of time the matter has been pending, and whether or not, given the available evidence, remand for

10

additional fact-finding would serve any useful purpose, or would merely delay the receipt of benefits. Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

The first issue for the court to consider is the amount of time that the case has been pending. Plaintiff filed her application for supplemental security income on September 13, 2004 (R. at 28); therefore this case has been pending for over 8 years. This case has already been remanded once previously on the motion of the defendant.

The second issue for the court to consider is whether a remand would serve any useful purpose, or would merely delay the receipt of benefits. Certainly, the opinions of Dr. Rausch and ARNP Ridder (R. at 287-290) would indicate that plaintiff is unable to work given their limitations on plaintiff's ability to sit and stand/walk in an 8 hour workday. On the other hand, the mental RFC assessment by Dr. Stern (R. at 1122-1124) and the physical RFC assessment affirmed by Dr. Siemsen (R. at 1100-1107, 1141) do not appear to preclude plaintiff's ability to

work in some capacity.  The ALJ accorded "significant" weight to
the state agency assessments (R. at 737).

     Because of the conflicting medical opinion evidence noted
above, and the failure of the ALJ to consider the opinions of
Dr. Rausch and plaintiff's credibility in light of the diagnosis
of fibromyalgia, the court finds that a remand for further
hearing would serve a useful purpose and would not merely delay
the receipt of benefits.  Furthermore, it is not for the court
to reweigh the evidence.  See Hamby v. Astrue, 260 Fed. Appx.
108, 113 (10th Cir. Jan. 7, 2008)(based on the record, the court
was not convinced that a remand would be an exercise in
futility); Tucker v. Barnhart, 201 Fed. Appx. 617, 625 (10th
Cir. Oct. 19, 2006)(even though case pending for 9 years,
additional fact-finding and consideration by ALJ appropriate in
the case); Miller v. Chater, 99 F.3d 972, 978 (10th Cir.
1996)(in light of use of incorrect legal framework and other
errors, and because the appeals court does not reweigh the
evidence, the case was remanded for further proceedings even
though court acknowledged that there had already been four
administrative hearings).

     On remand, the ALJ will need to consider all of the medical
opinion evidence after taking into account the diagnosis of
fibromyalgia.  The ALJ must provide a legally sufficient
explanation for rejecting the opinion of treating medical

sources in favor of non-examining or consulting medical sources. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 6th day of March, 2013, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge